# EXHIBIT A

## SETTLEMENT AGREEMENT

SETTLEMENT AGREEMENT made as of January 17, 2013, between Edmond Valenzuela ("Valenzuela") on the one hand, and Mancini International, Inc. ("MII"); William Mancini, an individual; and Motion Picture and Television Fund, a corporate entity ("MPTF") (the foregoing individual and MPTF hereinafter collectively referred to as the "FLSA Defendants"), on the other hand.

### WITNESSETH

WHEREAS on August 15, 2012, a putative class and FLSA collective action, Valenzuela v. Mancini International, Inc., (the "Valenzuela Case") was commenced in Los Angeles Superior Court (the "Superior Court");

WHEREAS on October 22, 2012, Defendants removed the case to the United States District Court, Central District of California, Case No. CV12-09068;

WHEREAS on November 16, 2012, Valenzuela filed a First Amended Complaint;

WHEREAS on December 14, 2012, MPTF filed an Answer to the First Amended Complaint and Cross Claims against MII and William Mancini;

WHEREAS on December 17, 2012, MII and William Mancini filed Answers to the First Amended Complaint and Cross Claims of MPTF;

WHEREAS, on or about January 17, 2013, the Parties agreed upon a settlement of all claims and Cross Claims, as now memorialized herein; and

WHEREAS, in order to avoid the time, delay, expense and uncertainties of litigation, the Parties desire to settle all of their outstanding disputes for, *inter alia*, the payment from the Defendants for the benefit of Plaintiff and the proposed class members.

### DEFINITIONS

Wherever the following capitalized terms are used in this Settlement Agreement, or in the attached Exhibits, they shall have the following meanings:

A. "Agreement" or "Settlement Agreement" means this Settlement Agreement, including all attachments hereto. These terms shall also include all

1

amendments to the Settlement Agreement, as well as any amendments and attachments thereto, so long as in writing and with the formalities required herein.

B. "Class Claim" means the Claim of Valenzuela and all others who submit allowed claims hereunder.

C. "Class Counsel" means Alan Harris and Priya Mohan of Harris & Ruble ("H&R").

D. "Class Member" means any individual who, from August 15, 2009, through January 17, 2013, worked for MII to work security details for pre-Oscar ceremony parties sponsored by MPTF.

E. "Class Notice" means the Notice of Proposed Settlement of Class Action, in the manner described in this Settlement Agreement and the contents of which shall be as they appear in Exhibit 1 hereto.

F. "Collective Action Member" means any individual who, from August 15, 2009, through January 17, 2013, worked for MII to work security details for pre-Oscar ceremony parties sponsored by MPTF.

G. "Valenzuela Classes" or "Valenzuela Class Members" means the Class Members and the Collective Action Members.

H. "Valenzuela Case" means, United States District Court, Central District of California Case No. CV12-09068, and includes the individual, Class Claims, Collective Claims and Cross-Claims alleged therein.

I. "Court" means the United States District Court for the Central District of California.

J. "Effective Date" means the first business day after the last of the following events to occur subsequent to the Court's entry of the Final Judgment and Order: (i) (a) if no objection has been filed, the expiration of seven days after entry of the Final Judgment and Order, such that the Final Judgment and Order becomes a final, non-appealable order or (b) if a proper objection has been filed, and the Final Judgment and Order is appealed, the expiration of seven days after the Final Judgment and Order is affirmed and approved in all material respects,

and the time for reconsideration or further appeals (including appeals to the highest court before which review could be sought or appeal taken) has expired.

K. "Plaintiff" or "Valenzuela" means Edmond Valenzuela, individually and on behalf of the Valenzuela Classes.

L. "Release" means the release by the Releasing Parties embodied in this Settlement Agreement.

M. "Settlement" means the resolution of the Valenzuela Case, as embodied in the Settlement Agreement, or any amendment or changes to the Settlement Agreement consented to by Defendants and Plaintiff.

N. "Settlement Administrator" means Harris & Ruble.

O. "Settlement Class Member" means all Class Members who do not timely and validly exclude themselves from the Settlement as provided in this Settlement Agreement.

P. "Settlement Collective Action Member" means all Collective Action Members who timely submit a Valid Claim Form as provided in this Settlement Agreement.

Q. "Valid Claim Form" means a Claim Form (i) fully and correctly completed and executed by a Settlement Class Member and/or Settlement Collective Action Member and (b) postmarked and mailed to the return address specified herein and in the Class Notice no later than forty-five (45) days after the date of notice ("Claim Period").

R. "Allowed Class Claims" means the claim of a Settlement Class Member and Settlement Collective Action Member that returns Valid Claim Form.

S. "Cross Claims" means the Cross Claims filed by MPTF against MII and William Mancini in the Valenzuela Case.

T. As used in this Settlement Agreement, all reference to persons or Class Members, Collective Action Members, Valenzuela Class Members, Valenzuela Classes, Settlement Class Members, or Settlement Collective Action Members shall include and be construed (unless the context of this Settlement Agreement requires otherwise) to include any person or entity that has an interest,

whether legal, equitable, or otherwise, in that person's testamentary estate, bankruptcy estate, trust, marital trust or similar estate or trust.

U. As used in this Settlement Agreement, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

V. Other terms are defined in the text of this Settlement Agreement, and shall have the meaning accorded to those terms in such text.

## AGREEMENT

Now, therefore, in consideration of the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1. **Defendants' Non-Admission of Liability.** This Agreement is the result of a compromise and shall not be construed as an admission by any Party of any liability, wrongdoing, or responsibility on their part or on the part of their affiliates or their respective attorneys, officers, directors, or employees, or as an admission on the part of any Defendant that Valenzuela, Class Members, or Collective Class Members, or any one of them, are or were Defendants' "employees" (as opposed to independent contractors) for purposes of any state, federal, local law, claim or assessment. Defendants expressly deny any such liability, wrongdoing, or responsibility. The Parties confirm, for the purposes of completeness, that the foregoing provisions of this Section are not intended to affect any liabilities, other obligations or rights of any kind or nature provided for in this Agreement.

2. **Representations and Warranties of the Parties.** Each of the Parties represents and warrants as follows:

    a. It has the power and authority to execute, deliver and perform this Agreement. The execution, delivery and performance of this Agreement, including the consummation of the transactions contemplated hereby, have been duly authorized by all necessary action on its part. It has duly and validly executed this Agreement. This Agreement is its valid and binding obligation enforceable against it in accordance with its terms. The foregoing is subject to Court approval as set forth herein.

4

b.  The execution, delivery and performance of this Agreement by it, including the consummation by it of the transactions contemplated hereby and thereby, does not and will not (i) require the consent, license, permit, waiver, approval, authorization or other action of, by or with respect to, or registration, declaration or filing with, or notice to, any federal, state, local or foreign governmental or regulatory authority, including any court other than the United States District Court, (ii) violate or conflict with the provisions of its articles of incorporation or organization, bylaws, or other constituent documents or (iii) constitute a default (with or without notice or lapse of time, or both) under, violate or conflict with, or give rise to a right of termination, cancellation or acceleration or loss of a material benefit under any law, or under any contract, permit or order to which it is party or by which it or any of its assets is subject or bound.

c.  No representation or warranty by it in this Agreement contains any untrue statement of a material fact or omits to state a material fact necessary to make the statements contained herein not misleading.

3.  <u>Court Approval as Conditions to the Settlement.</u>  Court approval of this Agreement is a condition precedent to the occurrence of the Effective Date of this Agreement.

4.  <u>Settlement Consideration</u>.  As full and final consideration of the claims herein, the Defendants shall pay $15,000 ("Total Maximum Settlement Fund") to the Harris & Ruble Client Trust Account within ten days of the execution hereof The Total Maximum Settlement Fund is the total amount MPTF, MII and William Mancini, collectively, may be required to pay under the terms of this Settlement Agreement, and includes Class Counsel Fees, the cost of Settlement Administration, incentive payment to Edmond Valenzuela, and the employer's portion of any taxes, including the employer FICA, FUTA, and SDI contributions and Private Attorney General Administration ("PAGA ") payments to the California Labor Workforce and Development Agency ("LAWD") for civil penalties brought under PAGA.

<blockquote>
<u>Payment of the Class Claim</u>.  Distributions made on account of the Class Claim shall be made to the Settlement Administrator and subsequently disbursed by the Settlement Administrator as follows:
</blockquote>

- First, to the Settlement Administrator for the costs and fees incurred by the Settlement Administrator in the amount of $3,000; then

- Second, any amount awarded by the Court to Class Counsel on account of its services, as discussed herein, shall be deducted from any distributions made on account of the Allowed Class Claim; and then

- Third, of the remaining funds, any amount awarded by the Court to Edmond Valenzuela on account of his services, local, state and federal taxes and PAGA payments as discussed herein, shall be deducted from any distributions made on account of the Allowed Class Claim; and then

- Fourth, of the remaining funds, fifty percent (50%) shall be paid equally to the Settlement Class Members who return a Valid Claim Form, and the remaining fifty percent (50%) shall be paid equally to the Settlement Collective Action members who return a Valid Claim Form, local, state and federal taxes, and PAGA payments as discussed herein, shall be deducted from any distributions made on account of the Allowed Class Claim.

5. Claims Process. To be eligible to obtain the settlement benefits identified herein, a Settlement Class Member or Collective Action Member must, within forty-five (45) days of the date of the Class Notice, submit to the Settlement Administrator a fully and correctly executed Valid Claim Form in accordance with the Class Notice and must not have opted out of the Valenzuela Classes. To be deemed a fully and correctly executed Valid Claim Form, the Valenzuela Class Members must provide: (i) current name and address of the Valenzuela Class Member, and (ii) declare under penalty of perjury that they were worked for MII during the relevant time period. Any claim may be denied if the person submitting the Claim Form is not a member of the Valenzuela Classes. At Class Counsel's request the Settlement Administrator shall send to Class Counsel all Claim Forms that are not correctly executed or are untimely. Class Counsel and Edmond Valenzuela shall not be responsible for any costs incurred by any Valenzuela Class

Member as a result of a denial of any Claim Form for any reason. Defendants shall not be responsible for any costs incurred by any Valenzuela Class Member or Class Counsel as a result of a denial of any Claim Form for any reason. The claim period shall last 45 days from the date of the Class Notice (the "Claim Period").

6. Costs and Expenses. The Parties will each bear their respective costs and expenses in connection with the transactions contemplated hereby.

7. Class Counsel Fees. Upon entry of the Final Judgment and Order (as defined below), Class Counsel shall be entitled to reasonable compensation for their services and costs and expenses in an amount not to exceed $5,000 for fees and $1,000 for costs.

8. Settlement Administration. The Parties have selected H&R as the Settlement Administrator to perform services to effectuate the terms of the Settlement Agreement. The Settlement Administrator shall be solely responsible for making any and all distributions to the Valenzuela Class Members and Class Counsel in connection with the Settlement. The Settlement Administrator shall calculate settlement payments and tax withholding, including making related payments to federal and state tax authorities and issuing tax forms related to payments, deductions, withholdings or additional payments, including PAGA payments to the LWDA on behalf of Defendants as its share of Settlement attributable to claims for civil penalties brought under PAGA, The parties agree that the cost of Class Notice relating to the Settlement and the necessary and reasonable costs of administrating the processing of Claim Forms, disbursement of checks and other expenses, including but not limited, calculating, reporting and paying taxes and PAGA payments, postage charges for mailing the Class Notice, printing costs, telephone charges, and such other charges related to the execution of its duties hereunder shall be $3,000. The Settlement Administrator shall deduct from the distributions, if any, made on account of the Allowed Class Claim, a fee of $3,000, as provided in Paragraph 4 above.

9. Class Notice. Within five (5) business days after entry of the Preliminary Approval Order and provision by MII of the last known names and addresses of each Valenzuela Class Member (which shall be provided in Microsoft Excel format not later than ten (10) business days after entry of a Preliminary Approval Order), H&R will mail, via U.S. first class mail, Notice of the Settlement Agreement (attached hereto as Exhibit 1, which includes the Claim Form) to each Class Member and Collective Action Member at the last known billing address in MII's records. The Class Notice will encourage all Valenzuela Class Members to raise all questions about the Settlement to the Settlement Administrator, which the

Settlement Administrator will answer using a set of guidelines jointly approved by the Parties. Under no circumstances will the Settlement Administrator, any counsel or Plaintiff encourage a Valenzuela Class Member to opt-out or otherwise not participate in the Settlement. In the event that the Class Notice is returned undeliverable with no forwarding address, the Parties shall have no further obligation to attempt to obtain a forwarding address. In the event that the Class Notice is returned undeliverable with a forwarding address, H&R shall re-mail the Class Notice, via U.S. first class mail, to the indicated forwarding address within five (5) days of receipt of the forwarding address.

10. <u>Release by Plaintiff and Valenzuela Class Members.</u>

a. Effective on the Effective Date, Plaintiff, the Settlement Class Members, the Settlement Collective Action Members, as well as each of their present, former and future respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns (collectively, the "<u>General Releasing Parties</u>" or the "<u>Releasing Parties</u>"), hereby release and forever discharge (the "<u>General Release</u>") (1) MPTF and its present, former and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, successors, predecessors-in-interest, assignors/assignees, and all of the aforementioned' respective present, former and future officers, directors, employees, shareholders, attorneys, agents, insurers, vendors and assignors/assignees, (2) William Mancini, and his employees, attorneys, agents, insurers, vendors and assignors/assignees and (3) MII and its present, former and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, successors, predecessors-in-interest, assignors/assignees, and all of the aforementioned' respective present, former and future officers, directors, employees, shareholders, attorneys, agents, insurers, vendors and assignors/assignees (collectively, the "<u>Released Parties</u>") as follows (collectively referred to herein as "Releases"):

> i. Releasing Parties release Released Parties from any and all rights, duties, obligations, claims, actions, causes of action and liabilities, whether arising under local, state or federal law, whether by statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that arise from or relate in any way to the claims which were or could have been alleged in the Valenzuela Case against any of the Released Parties, including, but not limited to the following any and all facts, transactions, events, policies,

occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that Released Parties, either collectively or individually, failed to compensate Releasing Parties for all hours worked in accordance with California law, including but not limited to claims for unpaid straight and/or overtime hours, or unpaid meal periods and/or meal and rest period premiums ("Released Claims")

ii. In addition to the Released Claims, Settlement Collective Action Members further release Released Parties from any and all claims from any and all rights, duties, obligations, claims, actions, causes of action and liabilities, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that arise from or relate in any way to the claims which were or could have been alleged in the Valenzuela Case against any of the Released Parties arising from the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., as amended, including, without limitation, The Portal to Portal Act of 1947, 20 U.S.C. § 251 et seq ("FLSA Released Claims").

  b. The foregoing Releases shall also apply to any and all claims of the Releasing Parties that would be barred by the doctrines of res judicata and collateral estoppel had the issues in the Valenzuela Case been litigated by each Valenzuela Class Member to a final judgment on the merits, and to any and all past, present and future claims, administrative or otherwise, actions, causes of action, rights or liabilities, known or unknown, based on, arising out of, or in any way relating or pertaining to, the facts, events or transactions at issue in the Valenzuela Case.

  c. Without limiting the foregoing, the Released Claims and FLSA Released Claims specifically extend to and include claims that the Releasing Parties do not know or suspect to exist in their favor at the time that this Settlement Agreement is executed and/or at the time that the Settlement Agreement, and the Releases contained herein, become effective, which, if known, might have affected their decision to enter into this Settlement Agreement. The Releasing Parties intentionally and knowingly waive any and all provisions, right and benefits conferred by any law of the United States, any state or territory of the United States or any law or principle of common law or equity, which governs or limits a person's release of unknown claims. The Releasing Parties understand and acknowledge that they may discover facts in addition to, or different from, those that are currently known or believed to be true with respect to the subject matter of

the Released Claims, known or unknown, suspected or unsuspected, without regard to the subsequent discovery or current existence of any such additional or different facts, and in furtherance of such intention, the release of these Released Claims shall remain in effect notwithstanding the discovery or existence of any such additional or different facts. The Releasing Parties expressly waive all rights under Section 1542 of the California Civil Code or any other comparable statute which may be applicable. Section 1542 reads as follows: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

        d.    <u>Release of Cross Claims</u>. Effective on the Effective Date, MPTF, as well as each of its present, former and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, successors, predecessors-in-interest, assignors/assignees, and all of the aforementioned' respective present, former and future officers, directors, employees, shareholders, attorneys, agents, insurers, vendors and assignors/assignees, its present, former and future respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns hereby releases and forever discharges MII, its present, former and future officers, directors, employees, shareholders, attorneys, agents, insurers, vendors and assignors/assignees as well as each of their present, former and future respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and William Mancini his heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, for the Cross Claims alleged in MPTF's Answer to the First Amended Complaint, as well as any Cross Claims for contractual indemnification for any of the claims or causes of action raised in the Valenzuela Case. The foregoing Release of Cross Claims shall also apply to any and all claims of MPTF that would be barred by the doctrines of res judicata and collateral estoppel had the issues in the Valenzuela Case been litigated to a final judgment on the merits, and to any and all past, present and future claims, administrative or otherwise, actions, causes of action, rights or liabilities, known or unknown, based on, arising out of, or in any way relating or pertaining to, the facts, events or transactions at issue in the Valenzuela Case.

11.    <u>Certification of Class for Settlement Purposes Only</u>. The Parties hereby stipulate to the certification of the Valenzuela Classes for settlement purposes only, *provided, however,* that in the event entry of the Preliminary Approval Order or

Final Judgment and Order is denied for any reason, the Parties' respective stipulations regarding certification of the Valenzuela Classes shall be deemed withdrawn and shall have no further force or effect with respect to certification of the Valenzuela Classes, and the Valenzuela Classes will no longer be deemed certified for any purposes. Defendants will fully cooperate in all respects to ensure that this settlement is approved consistent with the terms set forth herein.

12. **Preliminary Approval Order.** The parties agree to petition the Court for a preliminary order approving the Settlement Agreement ("Preliminary Approval Order"). That order shall provide, *inter alia*, that:

- The Settlement proposed in the Settlement Agreement has been negotiated at arms'-length and is preliminarily approved and determined to be fair, reasonable and adequate for settlement purposes;

- The Court certifies, for settlement purposes only, a class action consisting of the Class Members and a collective action consisting of the Collective Action Members;

- The Court approves the Class Notice and the Claim Form and finds that the proposed manner of distributing the combined Class Notice and Claim Form to the Valenzuela Classes complies fully with the applicable laws and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit;

- A final hearing for approval of the Settlement proposed in this Settlement Agreement (the "Final Settlement Hearing") shall be held before the Court to determine whether the proposed Settlement is fair, reasonable and adequate and whether it should be approved by the Court; the Final Settlement Hearing shall be held not earlier than sixty (60) days after the date for mailing the Class Notice to the Valenzuela Class Members;

- The procedure for objecting to the proposed Settlement; and

- The procedure for exclusion from the proposed Settlement.

13. **Rights of Exclusion.** The Preliminary Approval Order shall include a provision under which Class Members may exclude themselves from this

11

Settlement Agreement. The process for exclusion shall be as follows: All Class Members who properly submit to the Settlement Administrator a timely written request for exclusion shall be excluded from the Settlement, and shall have no rights under this Settlement Agreement. A request for exclusion must be in writing and state the Class Member's name and current address. The request for exclusion must be signed. Each request must also contain a signed statement that: "I hereby request that I be excluded from the proposed settlement class in the Valenzuela Case," or similar statement, requesting to not participate in the Settlement. The request must be mailed to the Settlement Administrator at the address provided in the Class Notice and postmarked (or mailed by overnight delivery) within 45 days of the date of Class Notice. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the Class Notice, or that is not sent within the time specified, shall be invalid and the person(s) serving such a request shall be a member(s) of the class and be bound as a Class Member if the Settlement Agreement is finally approved. The Preliminary Approval Order shall provide that no person shall purport to exercise any exclusion rights of any other person, or purport to exclude other Class Members as a group, aggregate, or class involving more than one Class Member, or as an agent or representative. Any such purported exclusion shall be void, and the Class Member(s) that is or are the subject of the purported opt-out shall be treated as Class Members for all purposes.

14. <u>Right to Object.</u> The Preliminary Approval Order and Class Notice shall also provide that any Class Member who wishes to object to the proposed Settlement may do so in accordance with the following procedures. Any Class Member who does not request exclusion may object to this Settlement by filing a written objection with the Court specifically stating his or her objections and grounds thereof. No Class Member shall be heard and no papers, briefs, pleadings or other documents submitted by any such Class Members shall be received and considered by the Court unless, within the time specified in the Class Notice (which in no event shall be less than forty-five (45) days after such notice is mailed), such Class Member has both filed with the Court and mailed to Class Counsel and counsel for Defendants, at the addresses set forth in the Class Notice, a written objection that includes (i) the information specified by the Class Notice and (ii) the specific grounds for the objection and any reasons why such Class Member desires to appear and be heard, as well as all documents or writings that such Class Member desires the Court to consider. Any Class Member who fails to comply with the Preliminary Approval Order or the Class Notice shall be barred from being heard at the Final Settlement Hearing. Class Members who exclude themselves from the Settlement shall have no right to file an objection.

15. <u>Final Judgment and Order.</u> If this Settlement Agreement is preliminarily approved by the Court following a hearing, the Parties shall jointly request at the Final Settlement Hearing that the Court enter final judgment (the "<u>Final Judgment and Order</u>"). The Final Judgment and Order shall provide, *inter alia*, that:

- The Settlement Agreement is approved as presented and without modification (except insofar as the Parties have agreed to such modification) and the Settlement Agreement is fair, reasonable and adequate;

- The Class Notice fully complies with the requirements of applicable law and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the Settlement of the Valenzuela Case;

- The Court has found that each Class Member not having effectively excluded itself from the Settlement shall be bound by this Settlement Agreement, including the Release provision set forth in Section 10(a)(i);

- The Court has found that each Collective Action Member that has included itself in the Settlement shall be bound by this Settlement Agreement, including the Release provision set forth in Section 10(a)(ii);

- The Valenzuela Case be dismissed on the merits and with prejudice as to Plaintiff and Valenzuela Class Members, without fees or costs except as provided in this Settlement Agreement, and that a judgment so dismissing the claims be entered immediately;

- The Releasing Parties are permanently enjoined and barred from commencing or prosecuting any action, asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located; and

13

EXHIBIT A
PAGE 16

- The Cross Claims be dismissed on the merits and with prejudice as to MPTF, without fees or costs that a judgment so dismissing the claims be entered immediately;

- The MPTF is permanently enjoined and barred from commencing or prosecuting any action, asserting any of the Cross Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located; and

- 

- Class Counsel is entitled to reasonable attorneys' fees in an amount not to exceed $5,000, and costs in an amount not to exceed $1,000, to be paid solely from, the distributions, if any, made on account of the Allowed Class Claim.

16. <u>Finality of Judgment.</u> The Final Judgment and Order shall be deemed final and non-appealable: (i) seven (7) days after it is entered if no document is filed (except by Class Counsel pertaining exclusively to attorneys' fees and costs) within that time seeking appeal, review, rehearing, reconsideration or any other action regarding that judgment and order; or (ii) if any such document is filed (except by Class Counsel pertaining exclusively to attorneys' fees and costs), then seven (7) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit no further judicial action, and with the Settlement Agreement, Preliminary Approval Order and Final Judgment and Order being affirmed and approved in all material respects.

17. <u>Effect of Non-Approval.</u> If the Preliminary Approval Order is not entered by the Court for any reason whatsoever, this Agreement shall be deemed null and void, and the respective Parties shall return to their positions held prior to execution of this Agreement.

In the event that (i) the Settlement Agreement is not approved in all material respects, as set forth in this Settlement Agreement, by entry of the Final Judgment and Order by the Court, or (ii) the Final Judgment and Order is reversed, vacated or modified in any material respect from what is set forth in this Settlement Agreement, or (iii) the Court conditions final approval of any change not previously agreed to or consented to by the Parties, then the Settlement Agreement

shall become null and void, the Valenzuela Case may continue, and any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation, any order certifying or approving certification of a class for any purposes.

If any of the aforementioned events occur, the Parties may not make any reference to or use of the Settlement Agreement, or any other documents related thereto, *provided, however,* that if the Parties hereto agree to appeal jointly such ruling, and the Settlement Agreement and Final Judgment and Order are upheld on appeal in all material respects, then the Settlement Agreement and Final Judgment and Order shall be given full force and effect according to their terms.

18. <u>Interpretation.</u> This Settlement Agreement (including the Exhibits hereto) contains the entire agreement among the Parties and supersedes any prior agreements or understanding among them. All terms (including Exhibits) are contractual and not mere recitals and are material to this Agreement.

19. <u>Binding Effect.</u> The terms of this Settlement Agreement (including Exhibits) are and shall be binding upon each of the Parties, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, and upon all other persons claiming any interest in the subject matter hereto through any of the Parties.

20. <u>Headings.</u> The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

21. <u>Amendment.</u> This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties and their undersigned counsel. Amendments and modifications may be made without notice to the Valenzuela Classes unless notice is required by law or by the Court.

22. <u>Construction.</u> For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that it is to be deemed to have been drafted equally by all Parties and shall not be construed strictly for or against any Party.

23. <u>Effective Date.</u> Whenever in this Agreement a Party's obligation is effective as of the Effective Date, such date shall be determined as set forth herein.

24. <u>Integration of Exhibits.</u> The exhibits to this Settlement Agreement are an integral and material part of the Settlement and are hereby incorporated and made a part of the Settlement Agreement.

25. <u>Settlement Not Admissible.</u> Neither the contents nor the existence of this Agreement may be admitted into evidence in any proceeding, except as may be required to approve or enforce this Agreement, to defend or enjoin any litigation or proceeding against MII, William Mancini, or MPTF, or as may otherwise be required. The negotiation and execution of this Agreement and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) shall not be used as an admission or evidence of wrongdoing on behalf of MII, William Mancini, or MPTF; (ii) shall not be an admission or evidence of fault on behalf of MII, William Mancini, or MPTF, in any civil, criminal or administrative agency; and (iii) shall not be deemed to be, and may not be used as, an admission or evidence of the appropriateness of these or similar claims for class certification or collective action in the Valenzuela Case or with respect to any other proceeding.

26. <u>Severability.</u> If any provision of this Agreement or the application thereof to any Person(s) or circumstance(s) shall not be enforceable in whole, (i) the remainder of this Agreement and the application of such provision to other Person(s) or circumstance(s) shall not be affected thereby and (ii) each such provision shall be enforced to the greatest extent permitted by law.

27. <u>Jurisdiction.</u> The Parties hereby submit to the jurisdiction of the Court.

28. <u>Notices.</u> Any notice required under the Settlement Agreement, other than the Class Notice described in paragraph 5, shall be sent to:

> On behalf of Plaintiff and the Class
> Alan Harris
> Priya Mohan
> Harris & Ruble
> 6424 Santa Monica Blvd.
> Los Angeles, CA 90038
>
> On behalf of Defendants
>
> Douglas R. Hart
> Sheryl Horwitz
> Sidley Austin LLP

555 W. 5th Street, Suite 400
Los Angeles, California 90013


Lesli A. Masoner
The Law Offices of Lesli A. Masoner
12400 Ventura Boulevard, #334
Studio City, California 91604


29. <u>Governing Law.</u> This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California.

30. <u>Counterparts; Facsimile.</u> This Settlement Agreement may be executed in counterparts and may be executed by facsimile and as so executed shall constitute one agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed as of the first date written above.

| MPTF | EDMOND VALENZUELA, individually and on behalf of the Valenzuela Classes |
|---|---|
| *[signature]* | *[signature]* |
| Name: SHARON SIEFERT | |
| Title: Vice President, Legal Affairs | |

| Mancini International, Inc. | William Mancini |
|---|---|

*Approved as to Form:*

*[signature]*

Alan Harris
*Attorney for Plaintiff*

Lesli Masoner
*Attorney for Defendant*
*Mancini International, Inc.*

*Attorney for Defendant*
Motion Picture and Television Fund

18

EXHIBIT A
PAGE 21